Pacific W., Inc. v E & A Restoration, Inc. (2019 NY Slip Op 08852)





Pacific W., Inc. v E & A Restoration, Inc.


2019 NY Slip Op 08852


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-02564
 (Index No. 604985/16)

[*1]Pacific Western, Inc., appellant, 
v
E & A Restoration, Inc., respondent.


Silverberg P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (John M. Comiskey and Joseph P. Asselta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for consignee liability for freight charges, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna Anzalone, J.), entered February 28, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant contracted with the United States Department of the Interior to perform certain improvements at the Sagamore Hill National Historic Site in Oyster Bay (hereinafter the project site), which included the construction of pedestrian pathways. On or about August 6, 2013, the defendant entered into a contract with Soil Stabilization Products Company, Inc. (hereinafter SSPC), a California-based company, to manufacture pavement mix. The contract stated, in pertinent part, that "[p]rice includes shipment of mix in super bags from mixing plant to project site." By check dated July 29, 2013, the defendant pre-paid SSPC the entire balance of $56,366.92. SSPC thereafter contracted with the plaintiff to transport the pavement mix from California to the project site and arranged for delivery to be made in two separate shipments. The first shipment, which is the subject of this litigation, was delivered to the project site by two separate trucks. The first delivery was made by Code Express, Inc., on September 4, 2013, and the second delivery was made by Intercity Trucking, Inc., on September 6, 2013. Although the defendant accepted both deliveries, SSPC refused to pay the plaintiff, when requested, for the shipping costs associated with delivery of the pavement mix to the project site. Thereafter, the plaintiff demanded payment from the defendant, as the consignee, but the defendant also refused to pay the plaintiff. The plaintiff thereafter commenced this action against the defendant, alleging, inter alia, that the defendant, as consignee, owed it the sum of $13,100 in freight charges. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted the motion. The plaintiff appeals.
To succeed on a motion to dismiss a complaint based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y. , 98 NY2d 314, 326; Leon v Martinez , 84 NY2d 83, 88). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v [*2]Martinez , 84 NY2d at 87-88). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez , 84 NY2d at 88; Guggenheimer v Ginzburg , 43 NY2d 268, 275).
Here, in support of its motion, the defendant submitted, inter alia, a copy of its contract with SSPC setting forth the "full prepayment amount" of $56,366.92, the defendant's check dated July 29, 2013, payable to SSPC in the amount of $56,366.92, and the two shipping orders evidencing delivery on September 4 and 6, 2013. Both shipping orders contained a section entitled "Freight Charges" which stated, in sum and substance, that the freight charges were prepaid "except when box at right is checked." The box was not checked on either shipping order. This evidence utterly refuted the plaintiff's factual allegations, conclusively establishing a defense as a matter of law, and demonstrated that the plaintiff had no cause of action to recover damages for consignee liability (see Guggenheimer v Ginzburg , 43 NY2d at 275; see also Airborne Frgt. Corp. v Irving Trust Co. , 26 AD2d 507).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion to dismiss the complaint.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court